IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 99-363-01 |
| JOSEPH MERLINO | : | |

## MEMORANDUM

**SURRICK, J.**                                                    **NOVEMBER 14, 2014**

Presently before the Court is the Defendant's Motion to Stay Execution of His Sentence Pending Appeal (ECF No. 1022).  For the following reasons, Defendant's Motion will be denied.

Defendant appeals from our Order dated October 20, 2014 (ECF No. 1016), rejecting his jurisdictional challenge to our holding a hearing on the Petition filed by the Probation Office, charging him with violating the terms and conditions of his supervised release.  He also appeals from our Order dated October 24, 2014 (ECF No. 1018), finding that he in fact violated the terms and conditions of his supervised release and sentencing him to a four-month term of incarceration.  Defendant filed the instant Motion to Stay on November 5, 2014, requesting that we hold the execution of his sentence in abeyance pending disposition of his appeal by the Third Circuit.  The Government filed a Response in opposition on November 7, 2014.  (ECF No. 1023.)

A defendant may be released from a sentence of incarceration pending appeal when the court finds, by clear and convincing evidence, that the person is not likely to flee or pose a danger to the community and when the court finds that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal."  18 U.S.C. § 3143(b)(1)(B).

With regard to Defendant's challenge to the Court's jurisdiction, we discussed in detail the basis for our rejection of his challenge in our Memorandum filed on October 20, 2014 (ECF No. 1015).  *United States v. Merlino*, No. 99-cr-363-01, 2014 WL 5364825 (E.D. Pa. Oct. 20, 2014).  Defendant's jurisdictional challenge was based on the fact that the Court did not issue a summons prior to the expiration of his supervised release.  Our Memorandum points out that the notice, which is normally filed and sent to counsel and the defendant, includes notice of the violation and a hearing date.  This is the equivalent of a "summons."  Our Memorandum also points out that the Notice was not sent because Defendant's attorney specifically requested that the scheduling of a hearing and notice be delayed until after the expiration of the supervised release.  Defendant's challenge does not raise a substantial question of law or fact likely to result in reversal.

With regard to Defendant's sufficiency of the evidence challenge, Defendant argues that the evidence offered at the October 24, 2014 Hearing revealed that his contact with John Ciangaglini on June 18, 2014 at the Havana Nights Cigar Bar was a chance meeting, was only incidental, and that he was not associating with Ciangaglini.  The terms of Defendant's supervised release included, *inter alia*, refraining from associating with known felons, members of La Cosa Nostra, and his former Co-Defendants.[1]  John Ciangaglini was a Co-Defendant of Merlino, and was a member of the La Cosa Nostra crime family along with Merlino.  Merlino knew that he should not be associating with Ciangaglini.  Nevertheless, Merlino did not leave the cigar bar when he met Ciangaglini.  The uncontradicted evidence established that Defendant

---

[1] In addition to violating his supervised release by associating with Ciangaglini, Defendant was charged with violating his supervised release on this night by associating with several other individuals who were convicted felons.  The Court dismissed these violations because no evidence was presented to establish that Defendant knew that those individuals were convicted felons.

spent more than an hour speaking with, socializing with, and in the general company of Ciangaglini on this evening.  The evidence further established that Defendant failed to report this event to his probation officer, despite having reported prior encounters with prohibited individuals.  Interestingly, several years ago, Judge Shapiro of this Court revoked Merlino's probation and sentenced him to one-year incarceration for doing this same thing.  *See United States v. Merlino*, No. 99-cr-363-01, 1999 WL 1198415, at *2 (E.D. Pa. Dec. 15, 1999) (referencing November 1993 probation violation based upon Defendant associating with known felons and members of the Philadelphia La Cosa Nostra crime family).

On the night of June 18, 2014, Defendant intentionally failed to stay away from Ciangaglini, despite knowing that the terms of his supervised release prohibited him from associating with Ciangaglini and despite his ability to walk away.  Defendant further failed to report the time spent with Ciangaglini to his probation officer, despite knowing he was required to do so.  Merlino's statement that he forgot is less than credible.  The nature and duration of Defendant's encounter with Ciangaglini on June 18, 2014, and Defendant's failure to report this encounter, established a prohibited "association," not just an incidental contact.  *See United States v. Bonanno*, 452 F. Supp. 743, 757-58 (N.D. Cal. 1978) (being in a restaurant talking to two convicted felons, and failing to report it, constituted an association, not a casual contact).  Based upon the uncontradicted evidence, we found Defendant in violation of the terms and conditions of his supervised release, revoked his supervised release, and sentenced him to four months incarceration.

Because the evidence supports a finding that Defendant violated the terms of his supervised release, there is little likelihood of success in his appeal.  Defendant's Motion fails to establish sufficient justification to stay the execution of his sentence pending disposition of his

appeal.  Accordingly, Defendant's Motion will be denied.

An appropriate Order follows.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK, J.**